# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN McLAUGHLIN,<br><br>              Plaintiff,<br><br>         v.<br><br>DIAZ, et al.,<br><br>              Defendants. | **Case No. 1:14-cv-00784-AWI-JLT (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Doc. 1)**<br><br>**RESPONSE DUE WITHIN THIRTY DAYS** |

**I.      Background**

Plaintiff, Martin McLaughlin, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint in this action on May 22, 2014.  (Doc. 1.)

**A.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

/ / /

1

**B.     Summary of Plaintiff's Complaint**

Plaintiff complains of acts that occurred while he was an inmate at California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California. Plaintiff names the following Defendants: Warden R. Diaz; and Correctional Officers K. Ramirez, R. Garcia, L. DeLaTorre, M. Hodges, UJ.D. Lozano, R. Tolson, and R. Hall. Plaintiff seeks monetary and declaratory relief.

Plaintiff alleges that he was placed on "C/C status for 180 days due to receiving (2) two Serious Rules Violations/115s within a 180 day period" and that this amounts to double jeopardy and cruel and unusual punishment under the Fifth, Eighth, and Fourteenth Amendments. Plaintiff may be able to amend to correct the deficiencies in his pleading so as to state a cognizable claim. Thus, he is being given the applicable standards based on his stated claims and leave to file a first amended complaint.

**C.     Pleading Requirements**

**1. Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557. While "plaintiffs [now] face a higher burden of pleadings facts . . .," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, courts are not required to indulge unwarranted inferences. *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

If he chooses to file a first amended complaint, Plaintiff should endeavor to make it as concise as possible. He should merely state which of his constitutional rights he feels were violated by each Defendant and its factual basis.

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that

causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff must clearly state which Defendant(s) he feels are responsible for each violation of his constitutional rights and their factual basis as his Complaint must put each Defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### D. Claims for Relief

#### 1. Fifth Amendment

The Fifth Amendment's due process clause only applies to the federal government. *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008), *ref. Betts v. Brady*, 316 U.S. 455, 462 (1942) ("Due process of law is secured against invasion by the federal Government by the Fifth Amendment and is safe-guarded against state action in identical words by the Fourteenth."), *overruled on other grounds by Gideon v. Wainwright*, 372 U.S. 335 (1963); *Castillo v. McFadden*, 399 F.3d 993, 1002 n. 5 (9th Cir.2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States: ' nor shall any State deprive any person of life, liberty, or property, without due process of law.' " (quoting U.S. CONST. amend. XIV).)

Since Plaintiff is not proceeding against federal actors, he is unable to state a cognizable claim for violation of his rights under the Fifth Amendment. His allegations in this regard are properly analyzed under the Fourteenth Amendment.

#### 2. Eighth Amendment

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment, but also from inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton

and unnecessary infliction of pain.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." *Id.* at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* (quotations and citations omitted).

Plaintiff alleges that, upon arrival at the specialized housing in Building 3 on the D Yard, all of his "non-expendable property T.V., radio, fan, and hot pot" were confiscated and he was forced to mail the property home, but because he was indigent, all of his property was disposed of. (Doc. 1, ¶15.) While in this housing unit, Monday through Friday Plaintiff had to shower at 6:30 a.m., went to yard from 9:00 a.m. to 9:50 a.m. and again from 1:00 p.m. to 1:50 p.m., but on weekends he was not allowed to receive any program, phone calls, or day room activities, and that he and other C/C status prisoners were forced to cell together as part of the disciplinary punishment. (*Id.*)

None of these allegations, separately or combined, amount to deprivation of a necessity of life so as to state a cognizable claim under the Eighth Amendment.

### 3. Fourteenth Amendment

#### a. Procedural Due Process

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for

5

which the protection is sought.  "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 515 U.S. at 484.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563-71.  Confrontation and cross examination are not generally required. *Id.* at 567.  As long as the five minimum *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994).

Plaintiff merely alleges that on March 15, 2013, he was taken to the Unit Classification Committee and told he would be placed on C/C status for 180 days due to having received two Serious Rule Violations/115x within a 180 day period.  (Doc. 1, ¶13.)  At the U.C.C. Hearing, he stated that he "strongly disagreed with Defendants K. Ramirez, R. Garcia, and L. DeLaTore" and explained to them "that their actions equaled 'Double Jeopardy' because he had already been punished for the two rule violations." (*Id.*, at ¶14.)   However, only the most extreme changes in the conditions of confinement have been found to directly invoke the protections of the Due Process Clause, such as involuntary commitment to a mental institution, *see Vitek v. Jones*, 445 U.S. 480, 493–94 (1980), or the forced administration of psychotropic drugs, *Washington v. Harper*, 494 U.S. 210, 221–22 (1990).  Even a temporary contraband watch does not rise to the

1  level of extreme change in condition of confinement to violate the Due Process Clause of the
2  Fourteenth Amendment. *See Chappell v. Mandeville*, 706 F.3d 1052, 1063 (9th Cir. 2013).
3  Plaintiff's claim is not cognizable as he has not stated facts sufficient to show the extreme changes
4  in the conditions of confinement to invoke the protections of the Due Process Clause; nor did he
5  state facts to address the requirements set forth in *Wolff*.

6  Further, "the requirements of due process are satisfied if some evidence supports the
7  decision by the prison disciplinary board . . . ." *Hill*, 472 U.S. at 455; *see also Touissaint v.*
8  *McCarthy*, 926 F.2d 800, 802-03 (9th Cir. 1991); *Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th
9  Cir. 1989); *Jancsek, III v. Oregon Bd. of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987); *Cato v.*
10 *Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). The relevant inquiry is whether "there is *any*
11 evidence in the record that could support the conclusion reached . . . " as "[t]he Federal
12 Constitution does not require evidence that logically precludes any conclusion but the one
13 reached by the disciplinary board." *Hill* at 455-57 (emphasis added).

14 Plaintiff alleges that he was placed on C/C status because he received two serious rule
15 violations within a 180 day period. Receiving two serious rule violations within a 180 day period
16 provides some evidence to support the U.C.C. hearing results that placed him on C/C status.

17                              **b.  Substantive Due Process**

18 Plaintiff alleges that his personal property was disposed of when he could not afford to
19 have it mailed home upon his placement on C/C status.

20 The Due Process Clause protects prisoners from being deprived of property without due
21 process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected
22 interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However,
23 while an authorized, intentional deprivation of property is actionable under the Due Process
24 Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush*
25 *Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent
26 nor unauthorized intentional deprivations of property by a state employee "constitute a violation
27 of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a
28 meaningful postdeprivation remedy for the loss is available," *Hudson v. Palmer*, 468 U.S. 517,

533 (1984).

Plaintiff has not alleged sufficient facts for the Court to determine whether the deprivation was authorized or unauthorized. Further, in the event that the destruction was authorized and therefore actionable under section 1983, Plaintiff has not alleged any facts suggesting that he was deprived of due process. As long as Plaintiff was provided with process, prison officials may deprive him of his property.

### c. Inmate Appeals

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996).

Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails, and is unable to state a cognizable claim against any of the named Defendants for

the processing and/or reviewing of his 602 inmate appeals.[1]

### 4. Supervisory Liability

It appears that Plaintiff may have named Warden R. Diaz as a Defendant in this action because he holds a supervisory position.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*.  *Iqbal*, 556 U.S. at 677.  "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer."  *Id.*  Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct.  *Id.*

"'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth."  *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 1951 (quoting *Twombly*, 550 U.S. at 555)).  "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather

---

[1] Plaintiff alleged that all eight of named Defendants were involved in responding to and/or reviewing his inmate appeals on this incident at one level or another.

9

because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.*

Thus, Plaintiff's apparent intent that Warden R. Diaz be held liable because the other Defendants are his subordinates and are under his supervision does not state a cognizable claim against Warden R. Diaz.

## II.   CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is dismissed, with leave to file a first amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in any first amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified

10

by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. **Within 30 days** from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **August 22, 2014**          /s/ Jennifer L. Thurston
                                     UNITED STATES MAGISTRATE JUDGE

11