# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN McLAUGHLIN,<br><br>        Plaintiff,<br><br>    v.<br><br>DIAZ, et al.,<br><br>        Defendants. | Case No. 1:14-cv-00784-AWI-JLT (PC)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Doc. 11)**<br><br>**RESPONSE DUE WITHIN 30 DAYS** |

**I.     Background**

In his First Amended Complaint, Martin McLaughlin, alleges that his placement in "C/C status" while housed at California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California, violated his Eighth Amendment rights. He claims also that placement on this status constituted Double Jeopardy because he had already been punished for the two rules violations which gave rise to the classification change. Also, he claims that the placement violated his right to equal protection of the law and that the review of his grievance related to the placement was improper. Because the Court does not find Plaintiff's complaint states a cognizable claim, it will be **DISMISSED** with leave to amend.

    **A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**B.     Summary of the First Amended Complaint**

Plaintiff complains of acts that occurred while he was an inmate at California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California. Plaintiff names the following Defendants:  Warden R. Diaz; and Correctional Officers K. Ramirez, R. Garcia, L. DeLaTorre, M. Hodges, UJ.D. Lozano, R. Tolson, and R. Hall.  Plaintiff seeks monetary and declaratory relief.

Plaintiff delineates three Causes of Action/Claims:  (1) "Freedom From Cruel and Unusual Punishment and Double Jeopardy;" (2) "Due Process;" and (3) "Equal Protection." These claims are premised on Plaintiff being placed on "C/C status" in March of 2013 for two rule violations he received in the latter part of 2012.

As discussed below, Plaintiff does not state any cognizable claims.  Plaintiff may be able to amend to correct the deficiencies in his pleading and is being given the applicable standards based on his stated claims and a **final opportunity** to file an amended complaint.

**C.     Pleading Requirements**

**1. Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

If he chooses to file a second amended complaint, Plaintiff should endeavor to make it as concise as possible. He should merely state which of his constitutional rights he feels were violated by each Defendant and its factual basis.

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

3

1 in another's affirmative acts or omits to perform an act which he is legally required to do that
2 causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th
3 Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named
4 defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's
5 federal rights.

6 Plaintiff must clearly state which Defendant(s) he feels are responsible for each violation
7 of his constitutional rights and their factual basis as his Complaint must put each Defendant on
8 notice of Plaintiff's claims against him or her.  *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th
9 Cir. 2004).

10       **D.**     **Plaintiff's Claims for Relief**
11           **1. Cruel & Unusual Punishment and Double Jeopardy**

12 In this claim, Plaintiff alleges that on March 15, 2013 he was taken to prison classification
13 where Defendant De La Torre advised he was being put on "C/C status" for two rule violations
14 Plaintiff received in the latter part of 2012 and Defendants K. Ramirez and R. Garcia "went
15 along" with Defendant De La Torre's recommendation.  (Doc. 11, p. 4.)  When Plaintiff asked
16 why he was being punished for a rule violation for which he had already been punishment, all
17 three of these Defendants responded "because our rule book says we can do this." (*Id*.)  About an
18 hour later he was moved to a different building, not in administrative segregation, but where there
19 are about fourteen "C/C status" cells.  (*Id.*, at p. 5.)  When Plaintiff encountered other inmates
20 whom he know that were housed nearby but not on "C/C status," these other inmates were told
21 not to talk to Plaintiff and to stay away from him.  (*Id.*)  Also, Plaintiff's T.V., radio, fan, and hot
22 pot were confiscated and when he asked why, Defendant K. Ramirez told the other officers to
23 take all of Plaintiff's property and told him that he was lucky to get to keep some books.  (*Id.*)
24 The cell he was put into reminded Plaintiff of administrative segregation.  (*Id.*)

25           **a. Cruel & Unusual Punishment**

26 The Eighth Amendment protects prisoners from inhumane methods of punishment and
27 from inhumane conditions of confinement.  *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v.*
28 *Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Thus, no matter where they are housed, prison

officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference. . . ." *Labatad v. Corrections Corp. of America*, --- F.3d ---, 2013 WL 1811273, *4 (9th Cir. May 1, 2013) (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer* at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

Objectively, extreme deprivations are required to make out a conditions of confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). Although the Constitution " 'does not mandate comfortable prisons,' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes*, 452 U.S. at 349), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard*, 887 F.2d at 137. Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise -- for example, a low cell temperature at night combined with a failure to issue blankets. *Wilson*, 501 U.S. at 304-05(comparing *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979) (outdoor exercise required when prisoners otherwise confined in small cells almost 24 hours per day), with *Clay v. Miller*, 626 F.2d 345, 347 (4th Cir. 1980) (outdoor exercise not required when prisoners otherwise had access to dayroom 18 hours per day)). Further, temporarily unconstitutional conditions of confinement do not necessarily rise to the level of constitutional violations. *See Anderson*, 45 F.3d 1310, *ref. Hoptowit*, 682 F.2d at 1258 (*abrogated on other grounds by Sandin*, 515 U.S. 472 (in evaluating challenges to conditions of confinement, length of time the prisoner

1  must go without basic human needs may be considered)).  Thus, Plaintiff's factual allegations as
2  to the conditions he complains of must be evaluated to determine whether they demonstrate an
3  objective deprivation of a basic human need -- individually or in combination.

4     Objectively, Plaintiff's allegations do not rise to the level of an extreme deprivation of a
5  necessity of life.  While Plaintiff would have been more comfortable if his T.V., radio, fan, and
6  hot pot were not confiscated, their absence does not equate to an inadequacy of shelter, food,
7  clothing, sanitation, medical care, or personal safety.

8     Subjectively, if an objective deprivation is shown, a plaintiff must show that prison
9  officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." *Wilson*,
10 501 U.S. at 303; *Johnson*, 217 F.3d at 733.  In other words, a prison official is liable for inhumane
11 conditions of confinement only if "the official knows of and disregards an excessive risk to
12 inmate health and safety; the official must both be aware of facts from which the inference could
13 be drawn that a substantial risk of serious harm exists, and he must also draw the inference."
14 *Farmer*, 511 U.S. at 837.  Further, the plaintiff must show that the defendant officials had actual
15 knowledge of the peril to plaintiffs' basic human needs and intentionally, deliberately refused to
16 meet those needs.  *Johnson*, 217 F.3d at 734.  Since Plaintiff has not shown that he was denied a
17 basic necessity, there is likewise no showing of deliberate indifference on the part of any of the
18 Defendants.

19                            **b.  Double Jeopardy**

20    Plaintiff further claims the decision in March of 2013 to place him on "C/C status" for
21 rules violations for which he had already been punished violates the Double Jeopardy Clause. The
22 guarantee against double jeopardy protects against a second prosecution for the same offense after
23 a prior acquittal or conviction and against multiple punishments for the same offense.  *See Witte*
24 *v. United States,* 515 U.S. 389, 395-96 (1995); *United States v. DiFrancesco,* 449 U.S. 117, 129
25 (1980).  These protections govern prosecutions and sentences carried out in state and federal court
26 based on criminal charges.  This Court is aware of no authority, and Plaintiff cites none, for the
27 proposition that the Double Jeopardy protections apply to administrative decisions by prison
28 officials to segregate their inmates, or indeed that these protections apply in any context other

than state or federal court proceedings.  Plaintiff's double jeopardy claim is not cognizable.

### 2. Due Process

Plaintiff's allegations under his second claim solely relate to the handling of his 602 inmate grievance by Defendants K. Ramirez, R. Tolson, R. Hall, R. Diaz, M. Hodges, and J.D. Lozano.  (Doc. 11, pp. 5, 7.)

As stated in the prior screening order, "[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

As also stated in the prior screening order, actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action.  *Buckley*, 997 F.2d at 495.  The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct.  "Only persons who cause or participate in the violations are responsible.  Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996).

Thus, since he has neither a liberty interes, nor a substantive right in inmate appeals, Plaintiff fails, and is unable to state a cognizable claim against Defendants K. Ramirez, R. Tolson, R. Hall, R. Diaz, M. Hodges, and J.D. Lozano for the processing and/or reviewing of his 602 inmate appeals.

///

### 3. Equal Protection

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *see also Turner v. Safley*, 482 U.S. 78, 84 (1987); *Bell v. Wolfish*, 441 U.S. 520, 545 (1979); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003); *Johnson v. California*, 207 F.3d 650, 655 (9th Cir. 2000) (per curiam). Racial segregation is unconstitutional within prisons "save for 'the necessities of prison security and discipline.'" *Cruz v. Beto*, 405 U.S. 319, 321 (1972) (per curiam) (quoting *Lee v. Washington*, 390 U.S. 333, 334 (1968) (per curiam)); *see Johnson v. California*, 543 U.S. 499, 512-15 (2005) (holding that strict scrutiny is the proper standard of review for a prisoner's equal protection challenge to racial classifications); *Johnson v. Avery*, 393 U.S. 483, 486 (1969).

"To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (citation and quotations omitted). "The first step in equal protection analysis is to identify the [defendants' asserted] classification of groups." *Id.* (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir.1995)). The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified. *Id.* An equal protection claim will not lie by "conflating all persons not injured into a preferred class receiving better treatment" than the plaintiff. *Id.* (quoting *Joyce v. Mavromatis*, 783 F.2d 56, 57 (6th Cir.1986)).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir.2004); *Sea River Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an

identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Village of Willowbrook*, 528 U.S. at 564. Also, to establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-240 (1976); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003); *Freeman v. Arpio*, 125 F.3d 732, 737 (9th Cir. 1997).

Plaintiff does not state a cognizable Equal Protection claim. He fails to state any information to show he is s member of a protected class. He does not show that he was treated differently from others similarly situated. Nor does he show any discriminatory intent on the part of any of the named Defendants.

### 4. Supervisory Liability

It appears that Plaintiff may have named Warden R. Diaz and/or Chief of Inmate Appeals R. Tolson as Defendants in this action because they hold supervisory positions.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 677. "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Knowledge and acquiescence of a subordinate's

1  misconduct is insufficient to establish liability; each government official is only liable for his or
2  her own misconduct. *Id.*

3  "'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the
4  elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to
5  dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." *Moss*,
6  572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 1951 (quoting *Twombly*, 550 U.S. at 555)).  "Such
7  allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather
8  because they do nothing more than state a legal conclusion – even if that conclusion is cast in the
9  form of a factual allegation." *Id.*

10  Thus, Plaintiff's apparent intent that Warden R. Diaz and Chief of Inmate Appeals R.
11  Tolson be held liable because the other Defendants are their subordinates and are under their
12  supervision does not rise to the level of a cognizable claim.

13  **II.      CONCLUSION**

14   For the reasons set forth above, Plaintiff's First Amended Complaint is dismissed, with
15  leave to file a second amended complaint within thirty days.  **This is the last time leave to**
16  **amend will be extended to Plaintiff.**  If Plaintiff needs an extension of time to comply with this
17  order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the
18  date of service of this order.

19  Plaintiff must demonstrate in any second amended complaint how the conditions
20  complained of have resulted in a deprivation of Plaintiff's constitutional rights.  *See Ellis v.*
21  *Cassidy*, 625 F.2d 227 (9th Cir. 1980).  The second amended complaint must allege in specific
22  terms how each named defendant is involved.  There can be no liability under section 1983 unless
23  there is some affirmative link or connection between a defendant's actions and the claimed
24  deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.
25  1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

26  Plaintiff's second amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Such a short
27  and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds
28  upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v.*

1  *Gibson*, 355 U.S. 41, 47 (1957).  Although accepted as true, the "[f]actual allegations must be
2  [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. 127, 555
3  (2007) (citations omitted).

4      Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v.
5  Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29,
6  2012) (en banc), and must be "complete in itself without reference to the prior or superceded
7  pleading,"  Local Rule 220.

8      The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified
9  by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff
10  may not change the nature of this suit by adding new, unrelated claims in his second amended
11  complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

12      Based on the foregoing, it is HEREBY ORDERED that:

13      1.    Plaintiff's First Amended Complaint is dismissed, with leave to amend;

14      2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

15      3.    Within 30 days from the date of service of this order, Plaintiff must file a first
16      amended complaint curing the deficiencies identified by the Court in this order;
17      and

18      4.    If Plaintiff fails to comply with this order, this action will be dismissed for failure
19      to obey a court order and for failure to state a claim.

20
21  IT IS SO ORDERED.

22      Dated:   **October 17, 2014**           **/s/ Jennifer L. Thurston**
23                                              UNITED STATES MAGISTRATE JUDGE