# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN McLAUGHLIN,<br><br>        Plaintiff,<br><br>   v.<br><br>DIAZ, et al.,<br><br>        Defendants. | **Case No. 1:14-cv-00784-AWI-JLT (PC)**<br><br>**NOTICE AND ORDER FINDING THAT PLAINTIFF IS NOT ENTITLED TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**<br><br>**(Doc. 25)** |

    Plaintiff, Martin McLaughlin, is a state prisoner who is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on May 22, 2014. Doc. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    The Magistrate Judge screened and dismissed Plaintiff's Complaint with leave to amend for failure to state a claim. Doc. 10. On September 11, 2014, Plaintiff filed the First Amended Complaint, which was screened and dismissed with leave to amend for failure to state a claim. Docs. 11, 12. Plaintiff requested and received a sixty-day extension of time to file the Second Amended Complaint with which he complied on February 9, 2015. Docs. 13, 14, 16. Despite being repeatedly given the standards applicable to the claims Plaintiff was attempting to state, Plaintiff failed to state any cognizable claims and a Findings and Recommendation ("F&R") recommended that the action be dismissed. Doc. 17. The F&R was served on Plaintiff on April 16, 2015 and contained notice that any objections to the F&R should be filed within thirty days. Id. Plaintiff filed timely objections. Doc. 18. The order adopting the F&R, which dismissed this action, found that Plaintiff was unable to state any cognizable claims. Doc. 19.

On June 29, 2015, Plaintiff filed a notice of appeal.[1]  Doc. 21.  On July 6, 2015, the Court of Appeals for the Ninth Circuit referred the matter to the district court for the limited purpose of determining whether *in forma pauperis* should continue for this appeal.  28 U.S.C. § 1915(a)(3); Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002).  For the reasons which follow, the Court finds that Plaintiff's *in forma pauperis* status on appeal should be revoked.  Id.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  The test for allowing an appeal *in forma pauperis* is easily met; the good faith requirement is satisfied if the appellant seeks review of any issue that is not frivolous.  Gardner v. Pogue, 558 F.2d 548, 550-51 (9th Cir. 1977) (citing Coppedge v. United States, 369 U.S. 438, 445 (1962)); see also Hooker, 302 F.3d at 1092 (if at least one issue or claim is non-frivolous, the appeal must proceed *in forma pauperis* as a whole).

Despite repeatedly being given applicable legal standards and opportunity to cure the defects in his pleading, Plaintiff failed to state any cognizable claims in this action, which renders the issues raised in his appeal frivolous.  Plaintiff does not seek review of any issue that is not frivolous.

Accordingly, the Court HEREBY ORDERS as follows:

1. Pursuant to 28 U.S.C. § 1915(a)(3), the Court finds that Plaintiff's appeal was not taken in good faith and he should not be permitted to proceed *in forma pauperis* on appeal; and

2. Pursuant to Federal Rule of Appellate Procedure 24(a)(4), the Clerk of the Court shall serve this order on Plaintiff and the Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:   July 16, 2015                         _____
                                                SENIOR DISTRICT JUDGE

---

[1] On July 1, 2015, the district court received a duplicate filing of Plaintiff's Notice of Appeal.  See Doc. 24.